## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kyle Zgraggen, having been duly sworn, do hereby depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with the United States Social Security Administration, Office of the Inspector General, Office of Investigations ("SSA/OIG/OI"), and have been so employed since May 2010. I am currently assigned to the Boston, Massachusetts Field Office. My duties include conducting investigations involving criminal violations of Title 18 of the United States Code. I am a graduate of the Criminal Investigator Training Program and the Inspector General Investigator Training Program taught at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. I am aware, based on my training and experience, that 18 U.S.C. § 641 makes it a criminal offense for anyone to embezzle, steal, or knowingly convert to his/her own use public money, including money and benefits provided by federal agencies.

3. The information set forth in this affidavit is based on my personal knowledge, information provided to me by other law enforcement agencies, and my review of relevant SSA records and documents. This affidavit is not intended to set forth all of the information that I have learned during this investigation, but only facts I believe are sufficient to establish probable cause in support of the issuance of a criminal complaint and an arrest warrant, charging Darryl K. Burton (hereinafter, "BURTON") with violating 18 U.S.C. § 641.

1

## BACKGROUND

4. SSA is an agency within the Executive Branch of the United States Government responsible for administering retirement, disability, and survivor benefits programs for eligible beneficiaries. Under the Social Security Insurance ("Title II") program, insured workers are eligible for benefit payments once they reach a minimum retirement age, and an insured worker may be entitled to receive Social Security benefits prior to retirement age if the worker is found to be disabled within the meaning of Social Security law. Workers become insured by engaging in work covered under Social Security. The Supplemental Security Program ("SSI") pays benefits to aged/retired and disabled individuals who have limited income and resources. An individual may be able to receive SSI in addition to monthly Title II benefits, if his/her Title II benefit is low enough to qualify.

## THE INVESTIGATION

5. In or about May 2010, the SSA, Office of the Inspector General, Boston Field Division, received information alleging that an individual had died in the 1970's and that a family member was still cashing the deceased individual's SSA benefit checks. In or about May 2010, SSA/OIG Agents determined that Louise Goode – who was issued SSN xxx-xx-8926 and had a DOB of x/xx/1898 – was receiving SSA Title II retirement benefits and SSI aged benefits at 75 Kenwood Street, Dorchester, MA 02124. SSA records indicated Louise Goode's telephone number had been provided as 617-825-1285.

6. My review of the SSA records revealed that Louise Goode, who would have been 102 years old, was currently receiving $675 in SSI Aged and $139.81 in Title II retirement benefits at 75 Kenwood Street, Dorchester, MA 02124. I and others reviewed copies of

negotiated U.S. Treasury checks issued to Louise Goode from June 2008 to present via the Treasury Check Information System (TCIS). Many of the checks for Goode appeared to have the signature of "Louise Goode" and "Darryl K. Burton," while other checks appeared only to have the signature of "Louise Goode". I also determined that all checks issued from 6/2008 to present were negotiated at either Sovereign Bank or Bank of America, due to the presence of bank-identifier stamps.

7. On or about May 13, 2010, I reviewed information indicating that BURTON's current address was listed as 75 Kenwood Street, Dorchester, MA 02124, and that his current phone number was listed as 617-825-1285. BURTON's address and phone number matched those listed for Louise Goode. BURTON's SSN was xxx-xx-7555, and his DOB was x/xx/1963.

8. On May 24, 2010, Fraud Examiner Patrick Breen of the Commonwealth of Massachusetts Bureau of Special Investigations informed SSA/OIG Agents that Louise Goode was deceased. She had received state benefits from the Massachusetts Department of Transitional Assistance, but the benefits were terminated in October 2009. Breen provided SSA/OIG Agents with a copy of a certified death certificate obtained from the City of Boston, which certificate showed that Louise Goode died on May 25, 1992. Although the death certificate spelled Goode's last name as "Good," it listed her SSN as xxx-xx-8926 and her address as 75 Kenwood Street, Dorchester, MA 02124, all of which matched the information in SSA's files for Louise Goode.

9. On or about January 3, 2011, I reviewed information regarding BURTON's accounts at Sovereign Bank and analyzed all U.S. Treasury Social Security Benefit checks deposited into his account at Sovereign Bank. BURTON had opened account #0022020860 at

the Sovereign Bank at 75 State Street, Boston, MA, and had provided his address on his account application as 75 Kenwood Street, Dorchester, MA 02124. BURTON had also provided his home phone as 617-825-1285. BURTON had provided his birth date as x/xx/1963, his SSN as xxx-xx-7555, and a Massachusetts ID # Sxxxx8025, issued 10/11/2008, with expiration date 4/20/2011. The bank signature card also showed that BURTON had opened an individual account, and his applicant signature appeared to match that found on the co-signed SSA benefit checks issued for Louise Goode. Approximately 52 benefit checks issued to Goode, many which were endorsed with BURTON's signature, were subsequently deposited into BURTON's Sovereign bank account #0022020860 from January 2009 through February 2011, and converted for his own use. The 52 checks for Louise Goode negotiated and deposited into this account totaled $20,501.06.

10. On or about January 3, 2011, I reviewed Massachusetts Registry of Motor Vehicle records, which indicated that BURTON maintained a current Massachusetts ID #Sxxxx8025, and listed his address as 75 Kenwood Street, Dorchester, MA, 02124. Those records also revealed that BURTON had previously lived at 123 Norwell Street, Apartment 2, Dorchester, MA 02121.

11. On or about January 23, 2011, I reviewed information regarding bank accounts in BURTON's name at Bank of America. This account was a Checking Account, was opened xx/x/2006, and was signed with BURTON's signature. BURTON had initially provided an address of 123 Norwell Street, Apartment 2, Dorchester, MA 02121, but the address on the account had been changed to 75 Kenwood Street, Apartment 1, Dorchester, MA in approximately June 2007.

4

12. Two U.S. Treasury checks issued for Louise Goode had been negotiated into BURTON's Bank of America account. These two checks, which totaled $763.81, appeared to have the same signatures as those found on checks negotiated and deposited to BURTON's account at Sovereign Bank.

13. On or about February 23, 2011, I reviewed an updated summary of recent U.S. Treasury SSA benefit checks issued to Louise Goode utilizing the electronic Treasury Check Information System (TCIS). Ten additional benefit checks had recently been negotiated into a Sovereign Bank account. These checks were negotiated on 12/29/2010, 2/9/2011, and 3/11/2011, and totaled $4,074.05. All ten U.S. Treasury checks, as negotiated, included signatures of both "Darryl K. Burton" and "Louise Goode".

## CONCLUSION

14. The above facts show that Louise Goode died on or about May 25, 1992, but she continued to receive SSA benefits after her death, and her benefit checks continued to be cashed after her death. Any benefits paid to Louise Goode after her death would be fraudulently received, and anyone who converted such benefits to his own use or gain would be stealing or converting to his own use money belonging to an agency of the U.S. government.

15. Based on the foregoing, I believe probable cause exists to conclude that from approximately January 2009 to March 2011, BURTON did knowingly embezzle, steal, and convert to his own use U.S. government property and funds totaling more than $1000; to wit, Title II and SSI benefits funded by the U.S. Social Security Administration, an agency of the United States, in violation of 18 U.S.C. § 641.

_____
Kyle Zgraggen
U.S. Social Security Administration
Office of the Inspector General
Office of Investigations

Date: 4/4/2011

Subscribed and sworn to before me this 4th day of April, 2011.

_____
TIMOTHY S. HILLMAN
United States Magistrate Judge